IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Schatzberg, DC and          :
Philadelphia Pain Management,      : No. 1914 C.D. 2015
                                      : Submitted: February 12, 2016
                         Petitioners   :
                                        :
                   v.                :
                                        :
Workers' Compensation Appeal     :
Board (Bemis Company, Inc.),       :
                                        :
                     Respondent  :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                 HONORABLE ANNE E. COVEY, Judge
                 HONORABLE ROCHELLE S. FRIEDMAN, Senior Judge


OPINION
BY SENIOR JUDGE FRIEDMAN             FILED: March 30, 2016


        Peter Schatzberg, DC and Philadelphia Pain Management (together, Provider) petition for review of the September 18, 2015, order of the Workers' Compensation Appeal Board (WCAB) affirming the amended decision of the workers' compensation judge (WCJ) to deny and dismiss Provider's penalty petition. We affirm.


        On November 13, 2009, Eric Green (Claimant) *allegedly* suffered a work-related injury while employed with Bemis Company, Inc. (Employer).[1] (WCJ's Op., 5/13/14, Findings of Fact, No. 1.) Claimant notified Employer of the injury and

---

[1] Claimant was first injured on July 9, 2008, and alleged that he aggravated that injury on November 13, 2009. (N.T., 3/14/11, at 8.)

on November 25, 2009, Employer filed a timely notice of workers' compensation (WC) denial. On December 16, 2009, Claimant began treating with Provider. (Ex. C-5; R.R. at 40-97.) On July 1, 2010, Claimant filed a claim petition due to the alleged work injury of November 13, 2009. (WCJ's Op., 3/17/11, at 1.) Employer filed an answer denying that Claimant suffered a work injury.

On March 14, 2011, at a hearing before the WCJ, Claimant amended his claim petition to seek approval of a compromise and release (C&R) agreement reached between Claimant and Employer. (*Id.*) The C&R agreement described Claimant's alleged injury as an "injury to the neck, thoracic spine and lumbar spine." (C&R Agmt., 3/14/11, at 1.) The C&R agreement stated that it was a resolution of wage loss and medical benefits. (*Id.* at 2.) It further stated that "[i]n exchange for a [C&R] of all liability, [Employer] shall agree to pay [C]laimant $86,944 subject to a 20% attorney fee chargeable to Claimant's share. The instant agreement covers all injury dates." (*Id.*) The purpose of the C&R agreement was "to resolve this case on a full and final basis." (*Id.* at 3.)

Claimant certified that he understood that Employer "will never have to pay any other [WC] benefits for the injury" and that "this agreement is a [C&R] of a [WC] claim, and is not considered an admission of liability by [E]mployer." (*Id.* at 4.) The WCJ concluded that "Claimant understands the full legal significance of the [C&R] [a]greement and has knowingly and voluntarily entered into the agreement." (WCJ's Op., 3/17/11, Conclusions of Law, No. 3.) The WCJ granted the petition

seeking approval of the C&R agreement. (WCJ's Op., 3/17/11, at 2.) This decision was not appealed.[2]

On February 6, 2013, Provider filed a penalty petition[3] alleging that Employer violated the Workers' Compensation Act (Act)[4] by resolving the WC case through a C&R agreement with Claimant without giving Provider notice and an opportunity to intervene.[5] (Penalty Pet., 2/6/13, at 1.) Provider alleged that Employer violated the Act when it failed to pay Claimant's medical bills pursuant to the C&R agreement. (WCJ's Op., 5/13/14, Findings of Fact, No. 1.) Employer denied the allegations. (*Id.*, No. 2.)

After a hearing, the WCJ found that:

> Employer did not agree to pay medical bills incurred as a result of the [alleged] work injury, and this is consistent with the [C&R] [a]greement. There is nothing set forth in the [C&R] [a]greement itself addressing payment of medical bills. Paragraph 5 indicates that no medical bills were paid pursuant to Claimant's [alleged] work-related injuries and settlement.

---

[2] Following the C&R agreement, Claimant filed a review and reinstatement petition for nonpayment of medical bills that were incurred before the C&R agreement. However, Claimant withdrew this petition in March 2012.

[3] The penalty petition states that "[t]his Petition is filed by Provider, who is/was NOT a party to [the] C&R [agreement]." (Penalty Pet., 2/6/13, at 2.)

[4] Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§1-1041.4, 2501-2708.

[5] Provider also alleged that it relied, to its detriment, on Claimant's counsel to protect its interest in the pending litigation. (Penalty Pet., 2/6/13, at 1.)

(*Id.*, No. 7.)  The WCJ further found that:

> Provider has no recourse against Employer in this matter. Provider lost its cause of action when the [C&R] [a]greement was finalized by the parties.  A [C&R] [a]greement that is silent on the payment of medical bills does not obligate Employer to pay. . . .  The attorneys who were involved at the time and knew that Claimant had treated with Provider by reason of his [alleged] work injury could have made sure the doctor's bill was satisfied at the time the [C&R] agreement was reached.  They did not. Contrary to the imaginative argument forwarded by [Provider's] counsel, nothing left unspecified by the [C&R] [a]greement can be deemed "only logical" or "conclusive."[6]  Claimant's counsel is well aware that if medical bills are to be paid, it would be set forth in the terms of the [C&R] [a]greement and it was not.  Provider has no legal recourse against Employer.

(*Id.*, No. 8.)

The WCJ concluded that Provider failed to establish that Employer was required to pay Claimant's medical bills because the C&R agreement does not obligate Employer to pay them.  (*Id.*, Conclusions of Law, No. 1.)  The WCJ denied and dismissed Provider's penalty petition.  Provider appealed to the WCAB, which affirmed.  Provider now petitions this court for review.[7]

---

[6] Provider stated that Claimant's medical bills were logically due and payable as a matter of course pursuant to the WCJ's March 17, 2011, decision approving the C&R agreement.

[7] Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law, and whether the necessary factual findings are supported by substantial evidence.  Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704.

4

Section 435(d) of the Act gives "[t]he department, the board, or any court which may hear any proceedings brought under this act . . . the power to impose penalties . . . for violations of . . . this act." 77 P.S. §991(d).[8] "'However, the imposition of a penalty is at the discretion of the WCJ and is not required, even if a violation of the Act is apparent on the record.'" *Lincow v. Workers' Compensation Appeal Board (Prudential Securities, Inc.)*, 832 A.2d 569, 571 (Pa. Cmwlth. 2003) (citation omitted).

Provider argues that Employer's failure to pay Claimant's medical bills in accordance with the C&R agreement is a violation of the Act. We disagree.

Section 449(b) of the Act provides that an employer or insurer may submit a proposed C&R agreement stipulated to by both parties to the WCJ for approval. 77 P.S. §1000.5(b).[9] "The agreement must be explicit with regard to the payment, if any, of reasonable, necessary and related medical expenses." *Id.* Here, Employer and Claimant entered into a C&R agreement that was approved by the WCJ. The C&R agreement stated that it was not an admission of liability by Employer.[10] Additionally, the C&R agreement did not require Employer to pay any

---

[8] Added by Section 3 of the Act of February 8, 1972, P.L. 25.

[9] Added by Section 22 of the Act of June 24, 1996, P.L. 350.

[10] Employer never issued a notice of compensation payable (NCP) and there was never a determination by agreement or adjudication of a work-related injury in this matter.

past or future medical expenses.[11]  Thus, contrary to Provider's assertion, nothing in the C&R agreement obligates Employer to pay Claimant's medical expenses.

In *Lincow*, the claimant sustained a work-related injury, the employer issued a NCP, and the claimant received total disability benefits.  832 A.2d at 569-70.  Thus, the employer admitted that there was a work-related injury and liability.  *Id.* at 570.  The employer then filed a utilization review (UR) petition, challenging the reasonableness of the claimant's medical treatment.  *Id.*  The employer prevailed and, subsequently, filed a termination petition.  *Id.*  The provider, Lincow, filed a petition to review the UR determination, alleging that the claimant's treatment was reasonable and necessary.  *Id.* The WCJ denied both petitions.  *Id.*  Lincow appealed the UR petition, and the employer filed a second termination petition.  *Id.*  Thereafter, the claimant and the employer entered into a C&R agreement that resolved the termination petition and released employer from all liability for medical benefits under the Act.  *Id.*  Ultimately, the WCJ denied the UR petition and determined that the claimant's treatment was neither reasonable nor necessary.  *Id.*

Lincow then filed the penalty petition at issue, seeking penalties against the employer for failure to pay medical bills.  *Id.*  The WCJ denied the penalty petition, determining that the C&R agreement had compromised the medical bills and, therefore, Lincow did not have standing to seek penalties for failure to pay medical bills that were determined to be for treatment that was deemed not

---

[11] Paragraph 5 of the C&R agreement provides that "the amount of benefits paid or due and unpaid to the [Claimant] up to the date of this agreement or death [is] . . . Medical: 0."  Paragraph 7 provides that the C&R agreement is "a resolution of medical benefits for the injury referenced." (C&R Agmt., 3/14/11, at 2.)

6

reasonable or necessary. *Id.* at 570-71. The WCAB affirmed the WCJ. *Id.* at 571. Lincow petitioned this court for review, and we affirmed. *Id.* at 571-72.

Here, unlike *Lincow*, Employer denied that Claimant suffered a work injury and never admitted liability. Further, there was no finding or adjudication that Claimant's injury was work-related. Thus, Employer was not obligated at any time to pay Claimant's medical bills.[12]

Accordingly, we affirm.

_____
ROCHELLE S. FRIEDMAN, Senior Judge

---

[12] Due to this determination, we need not address Provider's remaining issues.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Peter Schatzberg, DC and : 
Philadelphia Pain Management, : No. 1914 C.D. 2015
 : 
Petitioners : 
 : 
v. : 
 : 
Workers' Compensation Appeal : 
Board (Bemis Company, Inc.), : 
 : 
Respondent : 

# O R D E R

AND NOW, this 30th day of March, 2016, we hereby affirm the September 18, 2015, order of the Workers' Compensation Appeal Board.

_____
ROCHELLE S. FRIEDMAN, Senior Judge